Dwight L. **OGLESBEE,** Plaintiff,

v.

**INDYMAC FINANCIAL SERVICES, INC. and its successor OneWest Bank Group, LLC, Mortgage Electronic Registration System, Inc. (MERS), Does 1–100, and Trustees 1–100,** Defendants.

Case No. 09–10087–CIV.

United States District Court,
S.D. Florida,
Key West Division.

Dec. 18, 2009.

Joshua Adam Bleil, Esq., Ticktin Law Group PA, Deerfield Beach, FL, for Plaintiff.

Celia Chapman Falzone, Esq., Akerman Senterfitt Eidson, Jacksonville, FL, Eric Shaun Matthew, Esq., Jeffrey Alan Trinz, Esq., Akerman Senterfitt, Miami, FL, William Patrick Heller, Esq., Akerman Senterfitt & Eidson, Fort Lauderdale, FL, for Defendants.

### ORDER GRANTING MOTION TO STRIKE JURY DEMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon One West and Mortgage Electronic Registration System Inc.'s ("MERS") Motion to Strike Jury Demand (DE # 13), filed November 12, 2009. On November 24, 2009 Plaintiff filed its Response in Opposition to Defendants' Motion (DE # 16) and on December 7, 2009 Defendants Replied (DE # 18).

As factual background, Plaintiff filed a three count Amended Complaint and De-

mand for Jury Trial (DE # 10) on October 15, 2009. The allegations in Plaintiff's Complaint stem from two mortgage loans Plaintiff entered into in favor of IndyMac Financial Services, Inc. ("IndyMac") to purchase property in Key West.[1] Plaintiff alleges that he was fraudulently induced by IndyMac to sign the mortgage loan documents and enter into predatory loans. Plaintiff further claims that IndyMac's fraudulent misrepresentations constitute a pattern of criminal activity in violation of Florida Statute § 772.101 and that due to these misrepresentations Plaintiff deserves quiet title on the property in question.

In this Motion, Defendants OneWest and MERS contend that Plaintiff's demand for a jury trial is improper. Defendants assert that Plaintiff contractually waived his right to a jury trial by signing a mortgage loan, of which paragraph 25 states:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, which in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Ex. A of Plaintiff's Response.) Plaintiff responds that even though he signed the waiver, his right to a jury trial is not waived because the waiver was not made knowingly, intelligently or voluntarily.

### DISCUSSION

"A party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys. Inc.*, 164 Fed.Appx. 820, 823 (11th Cir.2006). To determine whether a waiver was made knowingly and voluntarily courts consider:

---

1. IndyMac was seized by the Office of Trust Supervision in 2008 and, among other assets,

Plaintiff's loans were sold to OneWest in 2009.

(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel.

*Allyn v. W. United Life Assur. Co.,* 347 F.Supp.2d 1246, 1252 (M.D.Fla.2004). The court considers these factors and then determines "whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Id.*

■ Here, the Court finds the jury trial waiver valid. First, the waiver is conspicuous. The waiver is not buried in the middle of a lengthy paragraph with out distinction, but is set off as its own paragraph and conspicuously labeled "Jury Trial Waiver." It is in the final paragraph on its page and is the last substantive paragraph in the document discussing mortgages. The waiver is in the same size font as the rest of the document and the language is clear and easy to read. Finally, Plaintiff initialed the page which contains the waiver. This Court agrees with the numerous other courts that have found similar waivers conspicuous. *See e.g., Kappelmann v. Brown & Brown, Inc.,* No. 07–22362, 2008 WL 638089, at *1 (S.D.Fla. March 7, 2008); *Murphy v. Cimarron Mortg. Co.,* No. 06–2142, 2007 WL 294229, at *2 (S.D.Fla. Jan. 29, 2007); *Belin v. Litton Loan Servicing,* No. 06–760, 2006 WL 2061340, at *1 (M.D.Fla. July 17, 2006).

■ Second, Plaintiff possessed sufficient education and experience to intelligently enter into the waiver. Plaintiff is a district manager with four years of post-high school instruction. There is no evidence that he was unable to read or generally lacked the sophistication to understand the jury demand waiver. *See*

*Kappelmann,* 2008 WL 638089, at *1 ("There is no evidence before the Court that Plaintiff did not possess sufficient education and experience to enter into the Employment Agreement."); *Cottman Transmission Sys. v. McEneany,* No. 05–6768, 2007 WL 119956, at *3 (E.D.Pa. Jan. 4, 2007) ("... nothing suggests McEneany lacked the sophistication to understand the waiver provision.").

■ Third, Plaintiff has produced no evidence that he did not have the ability to negotiate. Simply because a party did not negotiate the language of a jury trial waiver does not mean that the waiver or other terms in the agreement were non-negotiable. *Oei v. Citibank, N.A.,* 957 F.Supp. 492, 523 (S.D.N.Y.1997). Further, boilerplate contracts, necessary for the efficiency of large financial institutions, are not *per se* non-negotiable. *Id.*; *see also Milsap v. Cornerstone Residential Mgmt.,* No. 05–60033, 2007 WL 965590, at *2 (S.D.Fla. March 28, 2007); *In re Managed Care Litigation,* No. 00–1334 and No. 05–23206, 2009 WL 856321, at *4 (S.D.Fla. March 30, 2009). The Court cannot therefore find a boilerplate contract non-negotiable absent a showing that the party opposed the jury trial waiver at the time of signing or that the drafters refused to consider an alternative to the existing provision. *Id.* Here, Plaintiff has produced no evidence that he asked IndyMac to remove the waiver and was refused. There is therefore no evidence that the jury trial waiver was non-negotiable.

■ Fourth, Plaintiff has presented no evidence of an extreme bargaining disadvantage. The question is not whether there was unequal bargaining power, as Plaintiff suggests, but whether there was a "gross disparity in bargaining position ..." *GE Commercial Finance Bus. Property Corp. v. Heard,* 621 F.Supp.2d 1305, 1312 (M.D.Ga.2009); *see also Bonfield v.*

*AAMCO Transmissions, Inc.,* 717 F.Supp. 589, 596 (N.D.Ill.1989) ("This is not the kind of case that supports a 'necessitous men are not free men' approach."). A gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written; the party is unable to simply walk away if the terms are unacceptable. *Milsap,* 2007 WL 965590, at *3. In *Milsap,* the Court found that a single mother of two, in need of housing, was still not at an extreme bargaining disadvantage when she signed a lease agreement because she could have found housing elsewhere. *Id.* at *2. Plaintiff has not presented any evidence that he could not have walked away from this contract and found a mortgage loan elsewhere.

■ Fifth, Plaintiff has presented no evidence that he attempted to retain an attorney to review the contract but was precluded from doing so. Plaintiff did not have a lawyer present, but he points to nothing in the record to corroborate his; assertion that he did not have the opportunity to retain one.

■ Finally, Plaintiff asserts that the waiver cannot have been knowingly or voluntary because he was fraudulently induced to sign the mortgage agreement containing the waiver. Plaintiff, however, only alleges that the agreement is fraudulent, Plaintiff does not contend that the jury trial waiver itself was procured by fraud. The waiver is therefore still valid and enforceable. *Gulati v. Countrywide Home Loans, Inc.,* No. 06–1097, 2006 WL 6300891, at *2 (M.D.Fla. Feb. 17, 2006); *see also Allyn,* 347 F.Supp.2d at 1255; ("The Court . . . joins several other courts in deciding that fraud in the inducement going to the contract does not automatically vitiate the validity of a discrete jury trial waiver provision in the contract itself."); *Cottman Transmission Sys.,* 2007 WL 119956, at *3 ("Defendants' general allegations of fraud, however, do not affect application of the jury waiver provision and in no way suggest waiver of the right to a jury trial was involuntary or not knowing.").

## CONCLUSION

In sum, the jury trial waiver was clearly marked and easy for the Plaintiff to understand. The waiver is not unconscionable, contrary to public policy, or unfair. Plaintiff intelligently, voluntary and knowingly waived his Seventh Amendment right to trial by jury.

Accordingly, after a careful review of the record and the court being otherwise fully advised it is.

ORDERED, ADJUDGED, and DECREED that One West's and MERS Motion to Strike Jury Demand (**DE # 13**) be, and the same is hereby, **GRANTED.** Plaintiff's Jury Demand is hereby **STRICKEN** from the Amended Complaint.